**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

WILMINGTON SAVINGS FUND
SOCIETY, FSB, not in its individual
capacity but solely as certificate
trustee of Bosco Credit V Trust
Series 2012-1,

    Plaintiff,

v.                                           Case No. 5:24-cv-62-MMH-PRL

COLLIN LANDIS,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant/Counter Claimant's Response to the Court's Order for a Disclosure Statement (Doc. 48; Jurisdictional Response) filed on March 19, 2024.[1]  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See

---

[1] Despite the title of Defendant's Jurisdictional Response, the Court did not simply order him to file a disclosure statement.  See Order to Show Cause (Doc. 47; Order), entered March 19, 2024.  The Court ordered him to "show cause by a written response . . . why this case should not be remanded for lack of subject matter jurisdiction."  Id. at 1.

Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal subject matter jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Upon review of the record and for the reasons that follow, the Court finds that it lacks subject matter jurisdiction over this action, and the case is due to be remanded to state court.

Plaintiff Wilmington Savings Fund Society, FSB, initiated this lawsuit on January 8, 2024, by filing a complaint in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida. See generally Complaint for Suit on Promissory Note (Doc. 23; Complaint). In the Complaint, Plaintiff asserts a single claim based on allegations that Defendant Collin Landis owes Plaintiff $19,916.58, plus interest and other fees and costs, related to a promissory note which is in default. See id. ¶¶ 6–10. Defendant, proceeding pro se, removed the action to this Court on February 9, 2024. See generally Notice of Removal

(Doc. 1; Notice). In the Notice, Defendant seeks to invoke the Court's federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] See id. ¶ 20. Specifically, Defendant asserts that "[t]he amount in controversy in the present action exceeds the $75,000 jurisdictional threshold because either Plaintiff's ambiguous prayers, or Defendant's Counterclaims exceed $75,000." Id. ¶ 26. Having reviewed the Notice and Complaint, the Court directed the parties to show cause why this case should not be remanded for lack of subject matter jurisdiction based upon Defendant's failure to establish that the amount in controversy exceeds the Court's jurisdictional threshold.[3] See generally Order. Defendant then filed his Jurisdictional Response. In his Jurisdictional

---

[2] Defendant also asserts that the Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1334 because the enforcement of federal law and "federal subpoenas is essential for Defendant to prove his case," and details of a 2007 bankruptcy are "part of Defendant's Claim of Recoupment defense." See Notice ¶¶ 20–21, 28 & n.24. And in his Jurisdictional Response, he contends that he "also removed the case for want of joinder of state and federal law, as well as supplemental jurisdiction." Jurisdictional Response ¶ 10. These arguments are unavailing: a "case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint." Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Accordingly, a federal defense alone will not support removal. Id.; see also McManus v. Orleans RH PA-IL, LP, No. 15-cv-402, 2015 WL 1475334, at *2 (E.D. Pa. Mar. 30, 2015) ("The federal question under the Bankruptcy Code has been inserted by the defendants as part of a defense to suit. Under the 'well-pleaded complaint rule,' this is not enough to invoke federal question jurisdiction."). Because there is no federal question on the face of Plaintiff's Complaint, and the federal defenses Defendant seeks to assert do not confer federal subject matter jurisdiction, these arguments do not provide a basis for removal in this case. In citing McManus, the Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[3] The Court also noted that Defendant had not properly identified Plaintiff's citizenship. See Order at 1. Because the Court finds that Defendant has not met his burden to show that the amount in controversy exceeds the jurisdictional minimum, the Court does not address the citizenship of the parties.

Response, Defendant acknowledges that "Plaintiff's claim does not appear to be more than $30,000." Jurisdictional Response ¶ 6. However, he asserts that the amount in controversy exceeds $75,000 based on "Defendant's Counterclaim" and the possibility that "state law is incorrectly applied over federal law, or State of Georgia law" in adjudicating his claims. Id. ¶¶ 5–6.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal based on diversity jurisdiction must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Significantly, "[a] defendant's counterclaim, even when seeking more than the jurisdictional amount, cannot serve as the basis for establishing the requisite amount in controversy for federal diversity jurisdiction." See BB&T Fin., FSB v. DeGeorge, No. 3:13-cv-478-UATC-JRK, 2013 WL 4780067, at *2 (M.D. Fla. Sept. 5, 2013) (collecting cases); see also Conference Am., Inc. v. Q.E.D. Int'l, Inc., 50 F. Supp. 2d 1239, 1240–42 (M.D. Ala. 1999).

The amount put in controversy by Plaintiff in this action is the amount owed pursuant to the promissory note, which Defendant concedes is likely not more than $30,000. Defendant's reliance on the amount in controversy based

on his counterclaim as an alternative is insufficient to support the Court's exercise of subject matter jurisdiction over this action. And in arguing that the value of Plaintiff's claim could theoretically exceed $75,000 if the law is "incorrectly" applied, see Jurisdictional Response ¶ 6, Defendant all but concedes that Plaintiff not only <u>seeks</u> less than $75,000 in damages, but <u>cannot</u> recover more than $75,000 in this action absent an error of law. Notably, nothing in Plaintiff's Complaint supports even an inference that Plaintiff is seeking to recover more than $75,000. More importantly, as the party invoking the Court's jurisdiction, Defendant bears the burden of establishing that the court has subject matter jurisdiction. <u>Conn. State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1343 (11th Cir. 2009). And where, as here, the Court questions the amount in controversy, the defendant must then present evidence establishing that the amount in controversy requirement is met. <u>See Dart Cherokee Basin Operating Co.</u>, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); <u>see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003) (explaining that "where jurisdiction is based on a claim for indeterminate damages, . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence" that its claim meets the jurisdictional minimum). Defendant simply has not done so. Despite being given an additional opportunity to establish the existence of jurisdiction over this action, Defendant has not shown that the

amount Plaintiff has put in controversy exceeds the Court's jurisdictional threshold. See Williams, 269 F.3d at 1319. Because the Court finds no basis to exercise federal subject matter jurisdiction over this action, the Court will remand this matter to the state court from which Defendant removed it.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers on March 29, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record

Pro Se Parties

Clerk of Court, Fifth Judicial Circuit,
in and for Citrus County, Florida