# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

WILMINGTON SAVINGS FUND
SOCIETY, FSB, not in its individual
capacity but solely as certificate
trustee of Bosco Credit V trust 2012-
1, Series,

    Plaintiff,

v.                                          Case No. 5:24-cv-62-MMH-PRL

COLLIN LANDIS,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Reconsideration or Relief from the Order to Remand (Doc. 62; Motion) filed on April 5, 2024. On March 29, 2024, the Court entered an Order in which it determined that it lacked subject matter jurisdiction over this action, and remanded this case to the state court from which Defendant removed it. See generally Order (Doc. 60). In the Motion, Defendant requests that the Court reconsider this Order based on "newly discovered evidence," his belief that "State of Georgia subject matter jurisdiction issues" permit removal in this case, and his assertion that, contrary to the Court's determination in the Order,

"there are several federal questions . . . on the face of Plaintiff's Complaint" and the attached exhibits.  See Motion at 2.

Defendant's Motion is due to be denied because "[w]hen a district court remands a case to state court for lack of subject matter jurisdiction, it cannot review its decision by entertaining a motion for reconsideration."[1]  Deutsche Bank Trust Co. Americas v. Hunt, No. 22-14225, 2023 WL 5668660, at *1 (11th Cir. Sept. 1, 2023).[2]  The Eleventh Circuit Court of Appeals has explained that 28 U.S.C. § 1447(d) "'bars reconsideration by the district court of its own remand order'" in such cases "even if the district court erroneously remanded the case to state court."  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1203–04 (11th Cir. 2011) (quoting Harris v. Blue Cross/Blue Shield of Ala., Inc., 951 F.2d 325, 330 (11th Cir. 1992)).[3]  The Court therefore lacks jurisdiction to reconsider its Order, and Defendant's Motion is due to be denied.  See id. at 1204 ("Thus, even if the district court erroneously remanded the case to state

---

[1] There is an exception for cases which are "removed pursuant to section 1442 or 1443." See 28 U.S.C. § 1447(d).  The former provision encompasses suits against federal officers or agencies, see 28 U.S.C. § 1442, and the latter addresses cases involving "specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966) (interpreting 28 U.S.C. § 1443).  Defendant did not remove this case pursuant to either of these statutes.

[2] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] In expressing his disagreement with the Court's conclusions, Defendant fails to address the authority the Court cited in its Order.  But because it "is irrelevant" whether the Court's Order was legally erroneous, see Bender, 657 F.3d at 1204, the Court does not address the substance of Defendant's arguments.

court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case."). Accordingly, it is

**ORDERED:**

Defendant's Motion for Reconsideration or Relief from the Order to Remand (Doc. 62) is **DENIED**.

**DONE AND ORDERED** in Chambers on April 11, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record

Pro Se Parties